## TELAMARKETING COMMUNICATIONS, INC., Appellant,

### v.

**LIBERTY PARTNERS; E.J. Schickli; John F. Rogers; H. Hewett Brown; Nolan Allen; David Chervenak; Louis A. Kosse; Arthur G. Tafel, Jr.; Dan Schwartz; James E. Milliman; Julia P. Hagan; and A. Scott Hamilton, Jr., Appellees.**

### No. 89–SC–461–DG.

Supreme Court of Kentucky.

Nov. 8, 1990.

Virginia H. Snell, Richard W. Iler, M. Stephen Pitt, Rhonda E. Curry, Wyatt, Tarrant & Combs, Louisville, for appellant.

Paul R. Kinny, Rogers, Fuller & Pitt, Louisville, for appellees.

VANCE, Justice.

The question is whether a partnership may maintain a civil action in its partnership name.

Liberty Partners, a partnership composed of E.J. Schickli; John F. Rogers; H. Hewett Brown; Nolan Allen; David Chervenak; Louis A. Kosse; Arthur G. Tafel, Jr.; Dan Schwartz; James E. Milliman; Julia P. Hagan; and A. Scott Hamilton, Jr.; instituted an action in Jefferson Circuit Court in its partnership name rather than in the names of the individual partners, against appellant, seeking damages for breach of a lease.

Appellant, by answer, challenged the capacity of the appellees to maintain the action in the partnership name and moved for summary judgment due to lack of capacity to maintain the action. Liberty Partners also moved for summary judgment on its complaint, which was granted.

After the lapse of more than 10 days from the entry of the judgment, Liberty Partners moved for leave to file an amended complaint and to add each of the individual partners as plaintiffs.

More than 22 days after the entry of the judgment, Liberty Partners and all of the partners individually moved for leave to file an amended complaint and to amend the judgment. The trial court granted the motion to amend the complaint and to amend the judgment. The judgment was affirmed on appeal by the Court of Appeals. We granted discretionary review and now reverse the decision of the Court of Appeals.

There is no disagreement between the parties that at common law in Kentucky, prior to the adoption of the Uniform Partnership Act, a partnership could neither sue or be sued in its name. The individual partners were required to be named as plaintiffs in an action brought by the partnership and as defendants in an action against a partnership.

The appellees contend that the adoption of the Uniform Partnership Act in Kentucky changed the common law rule and now permits suit by a partnership in its partnership name.

K.R.S. 362.185 *expressly* authorizes a partnership to take title to real property in the partnership name, and if title is taken in the partnership name, it can be conveyed only in the partnership name. A partnership is *expressly* authorized to enter into binding contracts in the partnership name by K.R.S. 362.190 and is *expressly* declared to be liable in certain circumstances for the wrongful acts of a partner.

The Court of Appeals opined that the Uniform Partnership Act signifies a general trend of treating partnerships as distinct legal entities from the individuals composing them, and further stated that "[b]ecause a partnership is treated as a distinct legal entity for such purposes, we know of no reason why one should not also have the capacity to sue in its own name."

One very sound legal reason that a partnership does not have the capacity to sue in its own name is that at common law and by Kentucky cases, a partnership did not have that right. The General Assembly has a perfect right to change the common law and previous court decisions and to grant to partnerships the capacity to sue in the partnership name. Such a change in the law must come from an *express* grant of authority, not from the barest hint or implication that the General Assembly may be trending in that direction.

The General Assembly is well aware of its authority to grant an entity the right to sue in its own name, and is likewise aware of the proper method of expressing that authority. K.R.S. 271B.3–020(1)(a) *expressly* authorizes a corporation to "sue and be sued, complain and defend in its corporate name." K.R.S. 278.040(1), pertaining to the Public Service Commission, *expressly* provides, "[t]he Commission shall be a body corporate, with power to sue and be sued in its corporate name."

The Court of Appeals further stated that allowing a partnership to sue in its name is sensible and practical, especially when a partnership consists of vast numbers of individuals. Although allowing a partnership to sue in its partnership name seems to be sensible and practical to the Court of Appeals and to the appellees, the practice cannot become a reality unless and until it appears to be sensible and practical to the members of the General Assembly and results in *express* legislation to that effect.

CR 4.04(4) applies only to partnerships or unincorporated associations which are subject to suit under a common name. In such cases, service of summons may be made by service upon a partner or managing agent. The rule, however, does not state that partnerships are subject to suit in a common name.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration of other issues which were not decided in the opinion on review.

STEPHENS, C.J., and COMBS, GANT, LAMBERT and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

Liberty Partners initiated an action for breach of a lease. The Uniform Partnership Act expressly authorizes a partnership to purchase, own and convey real property, including a leasehold, in the partnership name. KRS 362.185, KRS 362.195. The right to purchase, own and convey necessarily implies the right to enforce a conveyance in the partnership name. Otherwise, there is a right without a remedy.

We should construe the statute as a whole to determine the intent of the General Assembly. The Majority fails to do this.